**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

February 10, 2020

**BY ECF**

Hon. Nelson Stephen Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *United States v. Ortiz*, 18-cv-7738 (NSR)

Dear Judge Román:

> Govt's application to stay action is **denied.** The parties are directed to confer, complete and submit a Case Management Plan (blank form attached) on or before March 6, 2020. The Clerk of the Court is directed to mail a copy of this endorsement to pro se Plaintiff, show proof of service on the docket and terminate the motion (doc. 10).
> Dated: Feb. 13, 2020   SO ORDERED.
>
> Nelson S. Román, U.S.D.J.

      The government respectfully writes in response to the Court's Order to Show Cause, dated January 9, 2020 (Dkt. No. 9), which ordered the government to show cause why its claim against the defendant should not be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and to provide the Court with an update about the status of this action and the government's ongoing efforts to resolve this action through settlement discussions. The government also respectfully requests a three-month stay of this actin to allow the parties to continue their settlement efforts.

      The government filed this action to recover overpayments of Social Security disability benefits that were paid to the defendant, an action exempt from initial disclosures under Rule 26(a)(1)(B)(vi) of the Federal Rules of Civil Procedure. (Dkt. No. 1.) Since commencing this action, the government has been pursuing settlement discussions with the defendant, who is acting *pro se*, in an effort to potentially resolve this action without unnecessary motion practice. The government has met with the defendant in person, and the parties have discussed the possible resolution of this action through a settlement agreement or payment plan. The government is currently in the process of attempting to collect financial documentation from the defendant that would allow the government to evaluate the defendant's financial ability to pay and to develop a settlement or payment plan proposal.

      In light of the parties' ongoing efforts to resolve this case, the government respectfully requests that the Court not dismiss the government's claims without prejudice, and that the Court instead stay this action for a period of three months, until May 11, 2020, to allow the parties to continue their efforts to attempt to resolve this action through a stipulation or other settlement agreement. I apologize to the Court for not keeping the Court informed as to the government's efforts to resolve this case through settlement discussions and will promptly advise the Court of the status of the parties' settlement discussions if it appears that the parties will be unable to reach an agreement by May 11, 2020. A three-month stay, rather than dismissal without prejudice, would promote the interest of resolving claims on their merits, and would also promote the interest of judicial efficiency by facilitating the government's efforts to resolve this action without unnecessary motion practice and further court intervention.

The factors relevant to the Court's consideration of whether to dismiss an action for failure to prosecute do not support dismissal here. As the Court described in its Order to Show Cause (Dkt. No. 9), a court considering a Rule 41(b) dismissal should weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

With respect to the first and second factors, there has been no failure to respond to the Court's orders or other deadlines, and although the parties have made no court filings over the past year, the government has been making efforts to resolve this case through settlement discussions. With respect to the third factor, the delay has not prejudiced the defendant's ability to defend the claims against him and have enabled him time to engage in settlement discussions with the government. With respect to the fourth factor, the parties have endeavored to avoid burdening the Court with unnecessary motion practice by engaging in settlement negotiations. *Cf. Baptiste v. Sommers*, 768 F.3d 212, 218 (2d Cir. 2014) ("Although the case stalled for two years, plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings." (internal quotation marks omitted)). Finally, a three-month stay, rather than dismissal, will enable the Court to ensure progress in the parties' efforts to resolve this action. *Id.* at 219 (noting that "the district court has the means to move this case forward efficiently without the cudgel of extreme sanctions," including "the power to set and enforce reasonable deadlines for discovery and motion practice").

Accordingly, the government respectfully requests that the Court not dismiss this action without prejudice and instead stay this action for three months, until May 11, 2020. I thank the Court for its consideration of this request.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By:    /s/ Amanda F. Parsels
AMANDA F. PARSELS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2780
Email: amanda.parsels@usdoj.gov

cc: Plaintiff, *pro se* (by U.S. Mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

                                Plaintiff(s),     **CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

- against -

                                Defendant(s).     _____ CV _____ (NSR)

-------------------------------------------------------x

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

    a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b. Depositions shall proceed concurrently.

    c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.  Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)


SO ORDERED.

Dated:  White Plains, New York
        _____

                                                        _____
                                                        Nelson S. Román, U.S. District Judge